UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6  O

CIVIL MINUTES – GENERAL

Case No.  CV 13-0892-DOC (RNBx)                                    Date: October 30, 2013

Title: WARNER BROS. HOME ENTERTAINMENT, INC., V. ERNEST SLAUGHTER

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                      None Present

**PROCEEDINGS (IN CHAMBERS):     ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Warner Bros. Home Entertainment, Inc. ("Plaintiff") moved for default judgment against Defendant Ernest Slaughter, d/b/a Amazon.com Seller Fox Media ("Defendant"). Plaintiff's Motion for Default Judgment ("Motion") (Dkt. 20). The Court finds this issue suitable for decision without oral argument. Fed R. Civ. P. 78; L.R. 7-15. Having reviewed the papers in support of Plaintiff's Motion, the Court GRANTS Plaintiff's Motion.

**I.     Background**

In light of the procedural posture of this case, the Court adopts the following facts as set out in the Plaintiff's Complaint. (Dkt. 1).

Plaintiff is a corporation engaged in a variety of businesses, including the production and distribution of motion pictures and television programs. Compl. ¶ 5. Plaintiff owns the exclusive rights to reproduce, distribute, or license the reproduction and distribution of motion pictures in video format, such as digital versatile discs ("DVDs") and Blu-ray discs, in the United States. Compl. ¶ 6.

Among these motion pictures, Plaintiff's works include, but are not limited to, *Harry Potter and the Sorcerer's Stone*, *Harry Potter and the Chamber of Secrets*, *Harry Potter and*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-0892-DOC (RNBx)            Date: October 30, 2013
                                                                                                      Page 2

*the Prisoner of Azkaban*, *Harry Potter and the Goblet of Fire*, *Harry Potter and the Order of the Phoenix*, *Harry Potter and the Half-Blood Prince*, and *Harry Potter and the Deathly Hallows Parts I and II* (the "Warner Bros. Works"). Compl. ¶ 1. Each of the Warner Bros. Works is entitled to copyright protection. *Id.*

      Defendant used an e-commerce platform to reproduce, advertise, offer, sell, and distribute unauthorized copies of counterfeit products owned by Plaintiff. Compl. ¶ 15. Defendant acted with willful disregard toward laws protecting Plaintiff's copyrights. *Id.* ¶ 16. Specifically, Defendant operates a business by selling products on Amazon.com ("Amazon") using the seller identity, "Fox Media." Compl. ¶ 10. Amazon provides services to third-party sellers, including Defendant. Amazon's services include, but are not limited to, design of the webpage describing the product being offered by third-party Amazon sellers, access to the Internet community seeking products offered by third-party Amazon sellers, and shipping goods from their warehouses. Compl. ¶ 13. Smaller third-party sellers use Amazon's online platform to offer new, used, and collectible products at fixed prices to Amazon customers across the globe. *Id.* ¶ 14. Defendant is among the third-party sellers who use Amazon's platform to market, offer, sell, and distribute their merchandise. *Id.* ¶ 15. Defendant has used Amazon to market, offer, sell, and distribute unauthorized copies of motion pictures owned by Warner Bros., including, but not limited to, the following Warner Bros. Works:

| Copyright Registration Number | Title of Work |
|---|---|
| PA 1-063-646 | HARRY POTTER AND THE SORCERER'S STONE |
| PA 1-105-748 | HARRY POTTER AND THE CHAMBER OF SECRETS |
| PA 1-222-542 | HARRY POTTER AND THE PRISONER OF AZKABAN |
| PA 1-279-121 | HARRY POTTER AND THE GOBLET OF FIRE |
| PA 1-355-547 | HARRY POTTER AND THE ORDER OF THE PHOENIX |
| PA 1-647-906 | HARRY POTTER AND THE HALF-BLOOD PRINCE |
| PA 1-721-904 | HARRY POTTER AND THE DEATHLY HALLOWS PART 1 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-0892-DOC (RNBx)　　　　　　　　　　　　　　Date: October 30, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

| PA 1-742-099 | HARRY POTTER AND THE DEATHLY HALLOWS PART 2 |
|---|---|

　　　　Plaintiff filed suit for copyright infringement in this Court on February 7, 2013. Compl. at 1. On May 6, 2013, the Court granted Defendant a thirty-day extension to file an answer. Order (Dkt. 13). Defendant did not file an answer within the thirty days. On June 14, 2013, the Clerk entered default against Defendant. Default by Clerk (Dkt. 18). On that same day, Plaintiff's attorney filed a request to appear pro hac vice. Notice of Discrepancy and Order (Dkt. 21). The Court denied the request, however, because it was not properly filed. Notice of Discrepancy and Order (Dkt. 21). On June 26, 2013 Defendant filed an Answer, but the Court rejected this filing because Defendant did not sign it. Notice of Discrepancy and Order (Dkt. 22). Plaintiff then filed a Motion for Default Judgment against Defendant on June 27, 2013. Motion (Dkt. 20). However, because Defendant had attempted to respond and appear through counsel, the Court denied the motion. Order Denying Motion for Default Judgment (Dkt. 24). The Court instructed Defendant to properly file an answer that complied with the Local Rules. However, Defendant has not responded.

　　　　Plaintiff again moved for default judgment on September 6, 2013. It seeks a permanent injunction, statutory damages for willful copyright infringement, and post-judgment interest at the statutory rate. Mot. at 9-16.

## II.　　Legal Standard

　　　　The decision to grant or deny a motion for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). After the clerk has entered default against the Defendant, the factual allegations of the complaint (except those relating to damages) are deemed admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The district court considers seven factors when deciding whether to grant the motion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. at 1471-72.

　　　　Because the Plaintiff's allegations of damages are not presumed true, a court granting a motion for default must "determine the amount and character of the relief" due. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (internal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-0892-DOC (RNBx)          Date: October 30, 2013
         Page 4

quotation marks omitted).

### III. Discussion

#### A. Local Rule 55-1

The Plaintiff has satisfied its obligations under Fed. R. Civ. P. 55(a) and Local Rules 55-1 and 55-2. The Plaintiff has shown that it requests default judgment against Defendant Ernest Slaughter, that default was entered against Defendant as to Plaintiff's Complaint on June 14, 2013, that the Defendant is not an infant or an incompetent person, and that the Servicemembers Civil Relief Act, 50 U.S.C. § 521, does not apply. Notice of Renewed Motion For Entry of Default Judgment (Dkt. 25) ¶ 1.

#### B. *Eitel* Factors

##### 1. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor supports granting default judgment because Plaintiff has no other means to collect compensation from the Defendant, leaving Plaintiff without a proper remedy absent default judgment. *See Landstar*, 725 F. Supp. 2d at 920; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).

##### 2. Merits of Plaintiff's Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors look to whether the Plaintiff's Complaint has sufficiently stated a claim for relief. *PepsiCo*, 238 F. Supp. 2d at 1175.

###### a. Copyright Infringement

In order to state a claim for copyright infringement, a plaintiff must allege "(1) ownership of the copyright by the plaintiff [and] (2) copying by the defendant." *Lamb v. Starks*, 949 F. Supp. 753, 756 (N.D. Cal. 1996) (quoting 17 U.S.C. § 501(a)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 13-0892-DOC (RNBx)                        Date: October 30, 2013
                                                                                                      Page 5

The Complaint sufficiently alleges these elements. Plaintiff claims to own the federally registered copyrights relevant to this case. Compl. ¶ 1 Ex. A. Plaintiff alleges that Defendant copied material covered by said copyrights to sell its counterfeit products without permission. *Id*. ¶ 15.

### 3. Sum of Money at Stake

The fourth *Eitel* factor requires that the damages sought be "proportional to the harm caused by defendant's conduct." *Landstar*, 724 F. Supp. 2d at 921. Plaintiff claims statutory damages to remedy its lost profits for the infringing items it identified as sold by the Defendant. Mot. at 11-16; *see* 17 U.S.C. § 504(c)(1). Here, Plaintiff requests statutory damages of $25,000 for each of the eight copyright infringements, which totals $200,000. However, the requested award is substantially large relative to the harm caused by Defendant's conduct. *See*, *e.g.*, *J & J Sports Productions. v.* Cardoze, 2010 WL 2757106, at *5 (N.D. Cal. 2010) ("a large sum of money at stake would disfavor default damages," such as damages totaling $114,200); *Joe Hand Promotions v. Streshly*, 655 F. Supp. 2d 1136 (S.D. Cal. 2009) (proposed award amount of $100,975 was "manifestly excessive under existing law"); *see also Board of Trustees of the Sheet Metal Workers v. Vigil*, 2007 WL 3239281, at *2 (N.D. Cal. 2007) ("[D]efault judgment is disfavored if there were a large sum of money involved.").

Taking the facts pled as true, the requested damages are disproportional to the harm caused by Defendant's conduct. This factor thus weighs against default judgment.

### 4. Possibility of Dispute Concerning Material Facts

Where the Plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is very low. *See Landstar*, 725 F. Supp. 2d at 921-22. The Plaintiff's claim is well-pleaded, and Defendant has not challenged its allegations with a proper answer or reply. This factor weighs in favor of default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *Id*. at 911. Defendant acknowledged receipt of the Complaint and requested an extension to answer. Moreover, Defendant was properly served and submitted an insufficient and improperly filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 13-0892-DOC (RNBx)                        Date: October 30, 2013
                                                                                                                                Page 6

answer.  Defendant was thus clearly aware of the lawsuit and yet refused to properly respond.  The likelihood of excusable neglect is low, and this factor favors default judgment.  *See PepsiCo*, 238 F. Supp. 2d at 1172.

### 6.     Policy Favoring Decision on the Merits

Although decisions on the merits are preferred, this does not prevent a court from entering judgment where the Defendant refuses to respond.  *See id*. at 1177.  Where the Defendant's failure to appear makes decision on the merits impossible, default judgment is appropriate.  *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Defendant has not properly responded, and so this factor weighs in favor of default judgment.

## IV.     Remedies

### A.     Statutory Damages

Under the Copyright Act, the Plaintiff may recover a sum "not less than $750 or more than $30,000" for any one work, "as the court considers just." 17 U.S.C. § 504(c)(2).  A plaintiff seeking default judgment is "required to prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  However, "A plaintiff may elect statutory damages 'regardless of the adequacy of the evidence offered as to his actual damages or the amount of the defendant's profits.'" *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1195 (9th Cir. 2001) (quoting Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[A] ).

Plaintiff submits pictures of products and online labeling showing Defendant, using the seller identity "FoxMedia," selling counterfeit versions of Plaintiff's products on Amazon.  Pearson Decl. Ex. A, at 6 (Dkt. 20-1).  The pictures show seller "FoxMedia" selling a product titled, "Harry Potter: The Complete 8-Film Collection (2011)," for $33.89.  *Id*.  The product is said to ship from New York.  *Id*.  Plaintiff also avers that an examination of the product reveals that the digital content, quality, and format of the DVD disc art and case wrapping is inconsistent with and inferior to Plaintiff's authorized versions of the product.  *Id*. at 3.  Taking all alleged facts as true, the Plaintiff has established willful copyright infringement.

Plaintiff seeks statutory damages for willful copyright infringement totaling $200,000, or $25,000 for infringement of each of the eight copyrighted motion pictures.  *See* 15 U.S.C. § 504(c)(1).  However, despite Defendant's conduct being willful, the $25,000 per infringement

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 13-0892-DOC (RNBx)                                Date: October 30, 2013
                                                                                                      Page 7

---

plaintiff seeks is "at the high end of the § 504(c)(1) scale." *See Warner Bros. Home Entertainment Inc. v. Jimenez*, 2013 WL 3397672, at *5 (C.D. Cal. 2013) (holding plaintiff would receive a windfall if it received $25,000 for each of the 22 copyright infringements against Amazon third-party seller reproducing and selling counterfeit copies of plaintiff's copyrighted motion pictures); *Disney Enters., Inc. v. San Jose Party Rental,* 2010 WL 3894190, at *2 (N.D. Cal. 2010) (holding despite defendants' conduct being willful, "$25,000 per infringement is nonetheless at the high end of the §504(c)(1) scale . . .").

      In the instant action, Plaintiff provides a copy of an Amazon invoice showing the allegedly infringed product's sale price when Plaintiff purchased Defendant's product ($33.89).  Pearson Decl. Ex. A, at 8 (Dkt. 20-1).    However, other than this receipt, Plaintiff provides no baseline measure of actual damages to assist the Court in determining statutory damages.  "In calculating statutory damages, some courts have looked to estimates of actual damages."  *Microsoft Corporation v. Ricketts,* 2007 WL 1520965, at *4 (N.D. Cal. 2007); *see also Warner Bros. Home Entertainment Inc.*, 2013 WL 3397672, at *5 (in assessing statutory damages "plaintiff did not present any information or estimate about the number of counterfeit copies [of counterfeited motion pictures] sold by defendant, plaintiff's lost profits, the number of visitors to defendant's website, or the amount of money spent in the course of identifying defendant, to demonstrate that the amount sought is reasonable").  Although statutory damages are intended to serve as a deterrent against copyright infringement, such damages should not "justify such a windfall" for the plaintiff.  *Microsoft Corporation*, 2007 WL 1520965, at *4.

       "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).  Therefore, the court deems $3,000 for each of the eight infringements—totaling $24,000—to be the just and proper statutory award in this case. "In measuring the damages, the court is to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like…'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 232 (1952)).  This award is within range of damages awarded by other courts.  *See Warner Bros. Home Entertainment Inc.*, 2013 WL 3397672, at *6 (finding adequate a statutory damage award of $3,000 per infringement where defendant third-party Amazon seller willfully infringed by reproducing and selling counterfeit motion pictures); *Microsoft Corp. v. Coppola,* 2007 WL 1520964 (N.D. Cal. 2007) (awarding $2,500 per work where defendant sold counterfeit copies of software programs recorded on CD–ROMS).  In light of the limited record in this case, the Court finds this amount sufficient for purposes of deterrence.  *Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 13-0892-DOC (RNBx)                      Date: October 30, 2013
                                                                                             Page 8

1065, 1073 (D. Ariz. 2006) (awarding $3,000 per work willfully infringed where defendant downloaded and sold counterfeit copies of copyrighted motion pictures).

        **B.**      **Interest**

Plaintiff also requests post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961. The Court grants this request.

        **C.**      **Injunctive Relief**

Plaintiff is entitled to permanent injunctive relief. The Copyright Act authorizes courts to grant permanent injunction on reasonable terms to prevent future violations. 17 U.S.C. §§ 502(a). For a court to grant a permanent injunction, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Ebay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff alleges Defendant's sales are causing irreparable injury that would inadequately be compensated by monetary relief unless the Court enjoins Defendant's continuing infringements of Plaintiff's copyrights. Compl. at 9. In copyright cases, irreparable harm is presumed on a showing of reasonable likelihood of success on the merits. *See, e.g., Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1109 (9th Cir. 1998).

Moreover, Defendant's default makes it impractical to determine monetary damages. *See Warner Bros. Home Entertainment Inc.*, 2013 WL 3397672, at *7 (noting "monetary damages alone are inadequate to compensate plaintiff because defendant's refusal to participate in the action makes it impossible for plaintiff to determine defendant's actual profits, the amount of lost income as a result of defendant's conduct, or take any action to prevent further infringement"). Therefore, Plaintiff will be irreparably harmed and monetary damages are alone are insufficient to compensate Plaintiff.

Without an injunction, Plaintiff will continue to suffer irreparable harm as Defendant's use of Plaintiff's intellectual property—reproducing substandard counterfeit reproductions of Plaintiff's copyrights—harms its reputation with consumers. *See Sennheiser Electronic Corp. v. Eichler*, 2013 WL 3811775, at *10 (C.D. Cal. 2013) (noting that the injury caused by the presence of infringing products on the market such as damage to business reputation "will

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  CV 13-0892-DOC (RNBx)                                             Date: October 30, 2013
                                                                                                            Page 9

---

often constitute irreparable injury"). These same reputational harms tip the balance of hardships in Plaintiff's favor. Defendant will not be harmed by ceasing the future infringement of Plaintiff's copyrighted works.

Finally, the public interest will be served with a permanent injunction, because it will protect Plaintiff's copyrights against increased infringement. *See Perfect 10 v. Google, Inc.*, 416 F. Supp. 2d 828, 859 (C.D. Cal. 2006), *overruled on other grounds, Perfect 10 v. Amazon.com, Inc.*, 487 F.3d 701 (9th Cir. 2007) ("[T]he public interest is also served when the rights of copyright holders are protected against acts likely constituting infringement."). The Court thus concludes that a permanent injunction is appropriate in this case.

### IV.     Disposition

For the reasons discussed above, the Court GRANTS the Motion for default judgment. As to Defendant Ernest Slaughter, the Court hereby:

1. GRANTS Plaintiff default judgment on its claim for copyright infringement;

2. GRANTS Plaintiff $24,000 in statutory damages under 17 U.S.C. § 504(c)(2);

3. GRANTS Plaintiff's request for post-judgment interest at the statutory rates

    provided in 28 U.S.C. § 1961; and

4. GRANTS Plaintiff's request for a permanent injunction.

Plaintiff is ordered to submit forthwith a proposed judgment that conforms with this Order.

Accordingly, Plaintiff's Renewed Motion for Default Judgment filed October 24, 2013 (Dkt. 30), is hereby DENIED AS MOOT.